UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:00-CR-47 |
| | § | |
| DONALD RAY SLAUGHTER | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 28, 2006, alleging that defendant violated a condition of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on September 15, 2000, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute a scheduled II controlled

substance, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years.  The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months.  Defendant was subsequently sentenced to 75 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall not commit any crime against a foreign state or nation; financial disclosure; drug aftercare; and a $100 special assessment

## II.  The Period of Supervision

On November 4, 2005, defendant completed his period of imprisonment and began service of the supervision term.  On February 21, 2006, defendant's case was reassigned to The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 28, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

As grounds, the petition alleges that on December 31, 2005, and February 16, 2006, defendant submitted urine specimens which tested positive for cocaine; and on January 11, 2006, and April 20, 2006, defendant submitted urine specimens that tested positive for phencyclidine.  Defendant admitted to using drugs on or about all the dates indicated.

### IV.  Proceedings

On May 9, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on December 31, 2005.  In exchange for defendant's plea of "true," the court should find defendant guilty of committing a Grade C violation, revoke defendant's supervised release and impose thirty (30) days imprisonment; followed by a 24 month period of supervised release for which the first one hundred and fifty (150) days will be served in a

community confinement center.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on December 31, 2005.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions

of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on December 31, 2005. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this mandatory condition of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to refrain from unlawful use of a controlled substance on December 31, 2005. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of thirty (30) days.

4. Upon release of imprisonment, defendant should be placed on supervised release for a term of twenty-four (24) months, with the first one hundred and fifty (150) days of the term of supervised release to be served in a Community Confinement Center. Within 72 hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

    a. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment.

    b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

    c. Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than one hundred and fifty (150) days from admission. Defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Community Corrections Center.

    d. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the

proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __10__ day of May, 2006.

_____
Earl S. Hines
United States Magistrate Judge