UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:00-CR-47 |
| | § | |
| DONALD RAY SLAUGHTER | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 9, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on September 15, 2000, before the Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute a Schedule II controlled substance, a Class B felony. This offense carried a statutory maximum imprisonment

term of 40 years.  The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months.  Defendant was subsequently sentenced to 75 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall not commit any crime against a foreign state or nation; financial disclosure; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On November 4, 2005, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was reassigned to Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas.  Defendant's original term of supervised release was revoked on May 23, 2006. He was sentenced to 30 days imprisonment followed by a 24-month term of supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall reside in and participate in the community corrections component of a Community Corrections Center for no longer than 150 days; drug aftercare; and financial disclosure.  On June 1, 2006, Mr. Slaughter completed his period of imprisonment and began service of the supervision term.  On August 29, 2006, the Court modified defendant's conditions of supervision to include his residing in the Community Corrections Center for an additional 30 days; mental health aftercare; and the

offender shall have no contact with Asha August during the term of supervised release.

### III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 20, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Special Condition: | Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission.  Defendant shall abide by all rules and regulations of the center but shall not be required to pay subsistence due to limited financial resources. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that on or about June 5 and June 19, 2006, defendant submitted urine specimens which tested positive for phencyclidine (PCP). On September 5, 2006, defendant signed out of the Community Corrections Center

for a doctor's appointment and to meet with his substance abuse counselor. Defendant failed to make theses appointments at the times indicated on his sign out sheet. On September 5, 2006, defendant left the Community Corrections Center without permission and failed to return to the facility

## IV. Proceedings

On February 6, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by using PCP. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose seventeen (17) months imprisonment, with no further term of supervised release thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by using PCP.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.  Since defendant has been revoked from a previous term of supervised release and was ordered to serve 30 days imprisonment, the statutory maximum term of imprisonment is 35 months.

Based on 5th Circuit case law, the court can find that illicit drug use constitutes possession.  According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by using PCP, and further finds that defendant's use constitutes possession, defendant will be guilty of committing a Grade B violation.  U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade B violation, the court shall revoke probation or supervised release.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade B violation and a criminal history category of IV, the guideline imprisonment range is 12 to 18 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by using PCP. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of

supervised release in the manner alleged in the petition. Defendant's use of PCP also constitutes possession of PCP. Defendant's violation is a Grade B violation with policy guidelines suggesting 12 to 18 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by using and possessing PCP. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release by using PCP, in the manner alleged in the petition. This use constitutes possession of PCP.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of seventeen (17) months, with no further term of supervised release thereafter.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __8__ day of February, 2007.

_____
Earl S. Hines
United States Magistrate Judge